UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-129-TBR

MELISSA MORRIS,     PLAINTIFF

v.

ZURICH AMERICAN INSURANCE CO., et al.,     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon two motions. First, Plaintiff Melissa Morris ("Plaintiff") has filed a Motion for Extension of Time to Complete Discovery. [DN 18.] Defendants Zurich American Insurance Company and Zurich American Insurance Company of Illinois ("Defendants") have responded, [DN 19], and the time has passed for a reply. Second, Defendants have filed a Motion for a Protective Order. [DN 20.] For the following reasons, Plaintiff's Motion [DN 18] is **GRANTED,** and Defendants' Motion [DN 20] is **DISMISSED AS MOOT.**

### I. BACKGROUND

Plaintiff was involved in an automobile accident on September 18, 2008 in Jefferson County, Kentucky. [DN 1-2, at 1-2.] The truck which collided with Plaintiff's vehicle was insured by Defendants. [DN 1-3, at 2.] Plaintiff filed suit in state court to recover for her injuries, and a settlement was eventually reached. [DN 1-2, at 3.] Plaintiff filed the instant case in Christian County Circuit Court on July 11, 2016, and has asserted common law bad faith claims and claims arising under Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230 *et. seq. See* [DN 1-1, 1-2.] The case was removed to this Court, whereupon Plaintiff moved to have the case remanded, a motion which was denied. [DN 12.] Plaintiff appealed that decision and was denied. [DN 14.]

This Court issued a scheduling order in February 2017, laying out a structured path for this case, including, among other things, the following: an August 31, 2017 deadline for all fact discovery, an October 1, 2017 deadline for Plaintiff to identify her expert or experts, and a December 31, 2017 deadline for the completion of all discovery. [DN 16.] Plaintiff now asks the Court to extend the deadline for fact discovery to October 15, 2017 and her expert-identification deadline to October 31, 2017. [DN 18.]

## II. STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "the court may, for good cause, extend the time [for discovery issues] on motion made after the time has expired if the party failed to act because of excusable neglect." The question of what constitutes "excusable neglect" is a matter within the trial court's discretion. *See Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005) ("A district court's determination with respect to excusable neglect is subject to review under an 'abuse of discretion' standard."). Five factors must be balanced in reaching a determination of whether something constitutes "excusable neglect." These five factors are: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

## III. DISCUSSION

The first factor, "the danger of prejudice to the nonmoving party," *id.*, favors Plaintiff in this case. Defendants' primary contention in support of their argument that they would be prejudiced by this extension of time is with regards to the scheduling order as it currently stands. [DN 19, at 8.] Specifically, Defendants point to the fact that, if the Court was to move the two

deadlines as Plaintiff has asked, it could render the entire scheduling order unworkable. That is not the case. First, while moving Plaintiff's expert-identification deadline from October 1 to October 30 means that the Court will also need to move Defendants' deadline from November 15 to December 15, this will not require a complete reworking of the schedule. The deadline for the completion of all discovery will simply be moved from December 31, 2017 to January 15, 2018 in order to alleviate any concerns Defendants have with being able to complete discovery under the new deadlines, and the February 1, 2018 deadline for dispositive motions will remain untouched, as will the May 7, 2018 trial date. These changes are minimal and the Court is satisfied that they will not bear greatly upon the case's current trajectory.

Second, the length of the delay is quite short. Plaintiff has asked the court for a six-week extension on fact discovery and a four-week extension on expert identification. As noted above, this extension will have little, if any, effect on present and future judicial proceedings, as the dispositive motions deadline and the trial date will remain as they were. Defendants argue that, "[a]s with any unwanted delay in litigation, [Plaintiff's] requests extension will certainly prejudice the defendants by delaying the resolution of this case." [DN 19, at 5.] However, Defendants go on to say, "[w]ill the prejudice be great? Maybe or maybe not." [*Id.*] Defendants then refer the Court to their argument regarding the potential reworking of the case's schedule. However, the small amount of reworking the Court will need to do in the instant case leads to the Court to the conclusion that, while there is the potential for some prejudice from a delay, such a short one at this stage in the litigation will not be great. Moreover, Plaintiff set the self-imposed deadline of October 15, 2017 for fact discovery approximately four weeks ago, a date which now looms in less than a week. Thus, the actual restructuring will be minimal, and the change in the expert-identification deadline now rests less than one month away.

Next, Plaintiff presents a compelling argument as to the third factor regarding why she was unable to complete discovery in a timely manner. She explains in her motion that she "was delayed in submitting the document requests to Defendants due to an immediate family member who has been dealing with medical issues for the last several months." [DN 18, at 2.] Defendants argue that, because Plaintiff waited until the midnight hour to email written discovery requests to Defendants, any argument she has regarding a sick family member should not prevail. [DN 19, at 5-6.] While it is certainly relevant that Plaintiff waited so long to email these discovery requests, "excusable neglect" is an "elastic concept," and "the determination whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the moving party's omission.'" *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Therefore, "depending on the equities, mere inadvertence may warrant an enlargement of time under Rule 6(b). *Id.*

Thus, while Defendants argue forcefully that the medical issues with which Plaintiff's family member was dealing do not, in and of themselves, account completely for the late nature of Plaintiff's written discovery requests, the inquiry is not as rigid as that. To be sure, Plaintiff could have been more diligent, but the excusable-neglect inquiry *presupposes* some sort of neglect on the part of the movant; the question is whether it is excusable. The Court finds that it is. Certainly, this delay was within the reasonable control of Plaintiff, though, which goes to the fourth factor. She took months to serve written discovery requests and only did so on the eve of the deadline. Although this fourth factor does weigh against her, the *reason* for it presents a more compelling case to the Court.

Lastly, Defendants argue that Plaintiff did not act in good faith in failing to meet the deadline set by the Court, but Defendants' argument undercuts that line of reasoning. Specifically, Defendants again allege that the tardiness of Plaintiff's written discovery requests, followed by this motion, indicate that she did not act in good faith, and that this factor weighs in their favor. However, Defendants state that, after emailing the written discovery requests in an untimely manner, "she apparently realized that her requests were untimely and that the defendants weren't required to respond to them. That prompted her to file her motion for time." [DN 19, at 5-6.] Thus, by Defendants' very argument, Plaintiff likely did not realize the untimely nature of her requests until she received no reply from Defendants. Her lack of punctuality cannot, in and of itself, be equated with bad faith, *i.e.*, intentionally trying to mislead the Court or opposing counsel. Defendants have not produced or alleged any other manner of bad faith on the part of Plaintiff.

The Court finds that four of the five factors outlined above favor granting Plaintiff's motion. Defendants only speculate as to prejudice that might befall them if the scheduling order is rendered unworkable. The length of the delay is short, and does not affect the dispositive motions deadline or the trial date. Plaintiff's rationale for the delay, the long-term medical issues of an immediate family member, is a strong one, and there is no concrete evidence of bad faith. While the delay was certainly within Plaintiff's reasonable control, (the fourth factor), it alone does not tip the scales in favor of Defendants.

Finally, because the Court has granted Plaintiff's Motion for Extension of Time, Defendants' pending Motion for a Protective Order asking the Court that they not be required to respond to Plaintiff's untimely discovery requests is necessarily dismissed as moot. While

Plaintiff's requests were previously untimely under the original scheduling order, the amended schedule renders them timely, necessitating responses from Defendants.

### IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Complete Discovery [DN 18] is **GRANTED.** Defendants' Motion for a Protective Order [DN 20] is **DISMISSED AS MOOT. IT IS FURTHER ORDERED THAT:**

1) Plaintiff **SHALL** complete all fact discovery by **October 15, 2017.**

2) Defendants **SHALL** respond to the aforementioned discovery requests that were the subject of their motion for a protective order.

3) Plaintiff **SHALL** identify her expert or experts by **October 31, 2017.**

4) Defendants **SHALL** identify their expert or experts by **December 15, 2017.**

5) The parties **SHALL** complete all discovery by **January 15, 2018.**

    **IT IS SO ORDERED**


cc:    Melissa Morris, *pro se*

       Counsel of Record