UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-129-TBR

MELISSA MORRIS, PLAINTIFF

v.

ZURICH AMERICAN INSURANCE CO., et al., DEFENDANTS

**Memorandum Opinion and Order**

This matter comes before the Court upon Motion by Plaintiff Melissa Morris for an extension of time to file her Response to Defendants' Motion for Summary Judgment. For the reasons that follow, Plaintiff's Motion, [DN 33], is **GRANTED.**

**I. Factual Background**

The following factual background section is taken, in part, from this Court's previous Memorandum Opinion and Order, docketed at DN 21:

Plaintiff was involved in an automobile accident on September 18, 2008 in Jefferson County, Kentucky. [DN 1-2, at 1-2.] The truck, which collided with Plaintiff's vehicle, was insured by Defendants. [DN 1-3, at 2.] Plaintiff filed suit in state court to recover for her injuries, and a settlement was eventually reached. [DN 1-2, at 3.] Plaintiff filed the instant case in Christian County Circuit Court on July 11, 2016, and has asserted common law bad faith claims and claims arising under Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230 *et. seq. See* [DN 1-1, 1-2.] The case was removed to this Court, whereupon Plaintiff moved to have the case remanded, a motion which was denied. [DN 12.] Plaintiff appealed that decision and was denied. [DN 14.]

On February 1, 2018, Defendants filed their Motion for Summary Judgment. [DN 23.] Under the Federal Rules of Civil Procedure, this meant that Plaintiff's Response was due to be

filed no later than February 22, 2018, or twenty-one days later. However, Plaintiff waited until February 28, 2018 to file her proposed Response, along with this Motion seeking an Order from this Court granting her that additional time. [DN 33.] Defendants responded, [DN 36], and Plaintiff replied. [DN 38.]

## II. Legal Standard

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." "The Supreme Court has said that 'excusable neglect under Rule 6(b) is a somewhat elastic concept.'" *Delta Alcohol Distributors v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 686 (E.D. Mich. 2014) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)). And "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b)…is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392.

## III. Discussion

Plaintiff, who is a licensed attorney in Tennessee, and who is representing herself in this matter, claims in the instant Motion that she mistakenly believed she was allotted thirty days to respond to Defendants' Motion for Summary Judgment when, in reality, the rules only provided her twenty-one days. *See* LR 7.1 (explaining that, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion."). It is Local Rule 7.1 upon which Defendants rely in arguing that Plaintiff should not be permitted an extension of seven days by this Court. The Court takes note of Local Rule 7.1 but, consistent

with this Court's discretion, will not deny Plaintiff the opportunity to respond to Defendants' Motion for Summary Judgment.

The Court's decision is bolstered by two facts: first, the underlying Motion filed by Defendants is one for summary judgment. The Court's disposition on that Motion could decide all of the rights and liabilities of the parties involved in this case, and the Court believes that equity demands that Plaintiff be given a fair opportunity to respond to Defendants' allegations that, even if the facts are viewed in a light most favorable to her, she cannot prove her claims. This is especially true given that, as discussed below, there is no evidence of bad faith on the part of Plaintiff in filing her proposed Response seven days late. Second, the period of delay here was quite short. To be sure, a deadline is titled as such because a filing is due on or before that date, and not a day or two or seven afterwards. However, there is, in practice, a substantial difference between seven days and thirty days, or forty days. Moreover, when Plaintiff filed the instant Motion seeking a seven day extension, she also filed, contemporaneously, her proposed Response to Defendants' Motion for Summary Judgment. It stretches credulity to suppose that a seven-day delay in a case that has been ongoing for nearly twenty months would prejudice Defendants in any real way.

Rather, the issue appears to the Court to be a commonly-occurring administrative error that falls squarely within the realm of what Rule 6(b) contemplates as "excusable neglect." Certainly, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer Inv. Serv. Co.*, 507 U.S. at 392, but the Supreme Court further noted that the entire concept of "excusable neglect" is an elastic one, indicating that the trial court should use the term as applied to the specific facts of each case, and should reach an equitable result therefrom. And here, the most equitable result would be for this Court to review

3

Defendants' Motion for Summary Judgment *as well as* Plaintiff's Response thereto, which would certainly provide this Court with a clearer picture of the case and a better opportunity to reach the most just result on the merits of the case.

As Defendants point out, there are, of course, five specific factors that have been laid out by the Sixth Circuit Court of Appeals that should be examined in reaching the ultimate determination regarding whether something is "excusable neglect" under Rule 6: "(i) the danger of prejudice to the nonmoving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the moving party; and (v) whether the late-filing party acted in good faith." *EEOC v. Indi's Fast Food Restaurant, Inc.*, No. 3:15-cv-590, 2017 WL 1658934, at *4 (W.D. Ky. May 1, 2017) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)).

As noted above, the Court finds that there will be no prejudice to Defendants should Plaintiff be permitted to file a Response to their Motion for Summary Judgment. Defendants claim that Plaintiff's excuse for missing the deadline by seven days is "suspect," but the Court finds nothing in the Record to suggest such an attenuated conclusion. Certainly, Plaintiff is herself a lawyer, but there is no evidence that this very short delay in her filing of a Response was some dilatory tactic designed to gain the upper hand against Defendants or somehow prejudice or frustrate their purpose. And although Defendants contend that Plaintiff's "delay—or the length of her delay—is not the critical factor here," [DN 36, at 4-5], the second factor outlined above specifically directs this Court to consider exactly that, coupled with the delay's impact on the proceedings. The Court finds no impact would be felt in this case by permitting Plaintiff seven additional days to file a Response to such a crucial Motion by Defendants.

Under factor three, as noted above, Plaintiff mistakenly believed the deadline to be set at thirty days and not twenty-one days, and although Defendants appear to contend that Plaintiff filed her Response (and the instant Motion) late out of bad faith and improper motive, there is nothing concrete to suggest this, and the Court declines to connect so many circumstantial dots and reach that conclusion.

Examining the fourth and fifth factors together, it is clear that the delay was within the reasonable control of Plaintiff, in that all she needed to do was confirm the twenty-one day deadline and she would have been able to file her Response within the allotted timeframe, but there is nothing to suggest that she did not act in good faith. In short, while she neglected the deadline at issue, the Court finds it to be excusable under the specific circumstances of this case, as while as the five-factor test under *Nafziger*, 467 F.3d at 522.

### IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for an Extension of Time to File Response, [DN 33], is **GRANTED.**

The Clerk is directed to file Plaintiff's Response to Defendants' Motion for Summary Judgment, [DN 33-1], as of the date of entry of this Order.

Defendants shall have **fourteen days** from the docketing of Plaintiff's Response to file a Reply thereto.

**IT IS SO ORDERED.**

cc:     Counsel of Record