UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:16-CV-129-TBR-LLK

MELISSA A. MORRIS                                                    PLAINTIFF

v.

ZURICH AMERICAN INSURANCE COMPANY, *et al.*                DEFENDANTS

---

### OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on discovery motions. (Docket # 16). This matter is before the Court on Plaintiff's, Melissa Morris, Motion to Compel the Production of Documents. (Docket # 42). Defendants, Zurich American Insurance Company and Zurich American Insurance Company of Illinois, responded in opposition. (Docket # 50). This Motion is now ripe for adjudication. For the reasons stated below, the Motion is denied.

### Procedural Background

Plaintiff's Complaint, filed on July 11, 2016 in Christian Circuit Court, was removed to this Court on August 11, 2016. (Docket # 1). Judge Russell entered the initial Scheduling Order on February 10, 2017. (Docket # 16). The initial Scheduling Order included the following deadlines: fact discovery was to be completed by August 31, 2017; Plaintiff's expert disclosures were due by October 1, 2017; Defendants' expert disclosures were due by November 15, 2017; all discovery was to be completed by December 31, 2017; dispositive motions were due by February 1, 2018; a telephonic pretrial conference was set for April 20, 2018; and the matter was set for trial by jury on May 7, 2018. (*Id.*).

On August 31, 2017, the last day of the fact discovery period, Plaintiff issued a request for the production of documents to Defendants. (Docket # 42-1, 2). On September 12, 2017,

twelve days after the fact discovery cutoff, Plaintiff filed a Motion for Extension of Time to Complete Fact Discovery. (Docket # 18). On September 29, 2017, Defendants filed a Motion for Protective Order, seeking to not be obligated to respond to Plaintiff's untimely document requests. (Docket # 20). On October 12, 2017, Judge Russell granted Plaintiff's Motion for Extension of Time to Complete Fact Discovery and denied Defendants' Motion for Protective Order on the basis that it was moot. (Docket # 21). Judge Russell ordered Defendants to respond to the discovery requests that were the subject of their motion. (*Id.*). Further, Judge Russell extended both the discovery and expert disclosure deadlines to the following: fact discovery was to be completed by October 15, 2017; Plaintiff's expert disclosures were due by October 31, 2017; Defendants' expert disclosures were due by December 15, 2017; all discovery was to be completed by January 15, 2018. (*Id.*). The deadline for dispositive motions, February 1, 2018, remained unchanged. (*Id.*; *see* Docket # 16).

On November 10, 2017, Defendants responded to Plaintiff's request for production of documents. (Dockets # 42, 50).

On February 1, 2018, Defendants filed a Motion for Summary Judgment. (Docket # 23). Under Local Rule 7.1(c), Plaintiff had twenty-one days to file her response. On February 14, 2018, Judge Russell held a telephonic status conference and granted Plaintiff's Motion for Leave to File Attachments Under Seal. (Docket # 28). On February 28, 2018, six days after Plaintiff's response was due, Plaintiff filed a Motion for Extension of Time to File her Response. (Docket # 33). On March 6, 2018, Defendants filed their Response to Plaintiff's Motion for Extension of Time to file her Response to Defendants' Motion for Summary Judgment. (Docket # 36). On March 7, 2018, Plaintiff filed her Reply to Defendants' Response to Plaintiff's Motion for

Extension of Time, which included a declaration pursuant to 56(d). (Docket # 37[1]). In her declaration, Plaintiff asserted that she could not present facts essential to her claims because Defendants failed to produce documents responsive to her discovery requests even after the Court ordered them to respond. (*Id*.). This was the first time that Plaintiff raised an issue with Defendant's responses to her written discovery requests. On March 21, 2018, Judge Russell granted Plaintiff's Motion and allowed Plaintiff to file her Response to Defendants' Motion for Summary Judgment. (Docket # 40). Plaintiff fully responded to Defendant's Motion for Summary Judgment and did not mention any written discovery issues.

On March 22, 2017, the Court held a telephonic status conference. (Docket # 46). This Court granted Plaintiff leave to file a motion to compel in order to fully articulate her arguments but did not address the timeliness issue. (*Id*.). On March 27, 2018, Plaintiff filed this Motion to Compel. (Docket # 42).

## Legal Standard

District courts exercise extremely broad discretion in controlling discovery. *Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612, 2012 U.S. Dist. LEXIS 67028, at *17 (W.D. Ky. May 14, 2012) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Under Federal Rule of Civil Procedure 37, a party may move for an order to compel a complete response to properly submitted interrogatories or requests for production of documents. FED R. CIV. P. 37. However, a district court may hold that the requesting party has waived the right to compel a response if the party to whom the motion is directed is substantially prejudiced from the requesting party's delay. *Id*. (citing *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999)). Motions to compel filed after the discovery deadline are almost always deemed untimely. *See, e.g., Cunningham v. Rapid Capital Fin.*, 3:15-CV-00957, 2017 WL 6043421, at *2 (M.D. Tenn. Mar.

---

[1]

3, 2017); *Thomas v. Louisville/Jefferson Cty. Metro Gov't*, 3:12-CV-00449-CRS, 2016 WL 4385857, at *1 (W.D. Ky. Aug. 15, 2016); *Mitchell v. Mike*, CV 5:14-301-DCR, 2015 WL 8770073, at *2-3 (E.D. Ky. Dec. 14, 2015); *Croskey v. BMW of N. Am., Inc.*, No. 02-CV-73747-DT, 2005 U.S. Dist. LEXIS 3397, at *15 (E.D. Mich. Mar. 4, 2005); *In re Sulfuric Antitrust Litigation*, 231 F.R.D. 331, 332 (N.D. Ill. 2005).

### *Plaintiff's Motion to Compel is untimely*

Plaintiff asserts that Defendants attached policy documents that were not produced prior to the discovery deadline of January 15, 2018 to support their motion for summary judgment. Plaintiff generally argues that she cannot obtain the documents that she has requested from any other source and that she will not be able to support her claim at trial. Plaintiff also asserts that, in addition to other objections, Defendants have provided boilerplate objections to nearly every single document request. After further review of the docket and Plaintiff's earlier Declaration made pursuant to 56(d) (Docket # 37), it appears that Defendant produced a number of documents the day before filing their Motion for Summary Judgment (Docket # 37-2). Although the Court is concerned with the timing of this production, Plaintiff has not shown how she was prejudiced by receiving the documents late.

Plaintiff has raised potentially valid arguments concerning the timing of production, the use of boilerplate objections to production, and ultimately, the lack of production, however, it does not change the fact that Plaintiff failed to raise these arguments in a reasonable time subsequent to receiving Defendant's written responses.  To illustrate, Plaintiff sought leave to file this Motion to Compel over four months after receiving Defendant's responses to her written discovery, over four months after the close of fact discovery, over two months after the close of all discovery, and close to two months after dispositive motions were due (and Defendants'

Motion for Summary Judgment had been fully briefed). (*See* Docket # 42). Even if Plaintiff recognized and contacted defense counsel about the alleged deficiencies, she did not bring them to the Court's attention until after Defendants filed their Motion for Summary Judgment. Also, Plaintiff failed to raise this issue during any of the conferences held by the Court. *See Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (per curiam) (affirming denial of discovery where plaintiff had ample opportunity during discovery period to examine documents at issue); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed and summary judgment motion was filed); *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir. 1998) (table) (affirming denial of motion to compel where plaintiff failed to move before discovery deadline).

Moreover, Plaintiff has failed to articulate any justification for her untimeliness. *See Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612, 2012 U.S. Dist. LEXIS 67028, at *18-21 (W.D. Ky. May 14, 2012) (holding that plaintiffs' motion to compel was untimely and noting that plaintiffs failed to articulate any justification for their failure to do so until six months after the defendants' responses were served and ten days before the close of discovery); *Vision Center Northwest, Inc. v. Vision Value, LLC,* 2008 WL 5191456, at *3 (N.D. Ind. Dec. 10, 2008) (noting that the untimeliness of a motion to compel accompanied by a reasonable and persuasive justification for its untimeliness may be excused).

## Conclusion

**IT IS HEREBY ORDERED** Plaintiff's Motion to Compel the Production of Documents is DENIED. (Docket # 42).

**IT IS SO ORDERED.**

c:     Counsel

**Lanny King, Magistrate Judge**
**United States District Court**

5

April 19, 2018