UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH
CIVIL ACTION NO. 5:16-CV-00129-TBR

MELISSA A. MORRIS                                                          Plaintiff

v.

ZURICH AMERICAN INSURANCE
COMPANY ET AL.                                                             Defendant

**OPINION AND ORDER**

These matters are before the Court on Defendant's, Zurich American Insurance Company ("Zurich"), and Plaintiff's, Melissa A. Morris ("Morris"), respective motions in limine. (R. 75; R. 82). Zurich and Morris have responded (R. 83; R. 86). These matters are now ripe for adjudication. Each motion will be addressed in turn.

**Background**

Morris was injured in an automobile accident on September 18, 2008. (R. 1). In July of 2016, she sued Zurich alleging bad faith concerning its handling of her claim. (R. 1). With the trial date approaching, both Zurich and Morris have filed motions in limine. (R. 75; R. 82).

**Legal Standard**

Motions in limine provided in advance of trial are appropriate if they eliminate evidence that has no legitimate use at trial for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Bouchard v. Am. Home Products Corp.*, 213 F.Supp.2d 802, 810 (N.D.Ohio 2002) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984))). Only where the evidence satisfies this high

1

bar should the court exclude it; if not, "rulings [on evidence] should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D.Ky.2010) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D.Ohio 2004)). Even if a motion in limine is denied, the court may revisit the decision at trial when the parties have more thoroughly presented the disputed evidence. *See id.* ("Denial of a motion in limine does not guarantee that the evidence will be admitted at trial, and the court will hear objections to such evidence as they arise at trial.").

## Discussion

The Court will start with Zurich's motion, and then proceed to Morris's. (R. 77; R. 82).

### A. Zurich's Motion in Limine

#### 1. Zurich American's Financial Condition

Zurich argues that any mention of its financial condition should be excluded pursuant to longstanding Kentucky precedent. (R. 77 ID # 992). Morris argues that Zurich's financial condition is relevant to her bad faith claims, which involve punitive damages. (R. 86 ID # 1180). The Court agrees with Zurich. *Hamilton v. CSX Transp., Inc.*, 208 S.W.3d 272, 280 (Ky. Ct. App. 2006) ("Our courts have long held that evidence of a party's financial status should be excluded at trial because of the danger of prejudice that such evidence creates."); *Nami Res. Co., L.L.C. v. Asher Land & Mineral, L.T.D.*, Nos. 2015-SC-000489-DG, 2016-SC-000235-DG, 2018 Ky. LEXIS 353, at *30 (Aug. 16, 2018) (citing *Hardaway Management Co. v. Southerland*, 977 S.W.2d 910, 916, 45 12 Ky. L. Summary 23 (Ky. 1998) ( "It has been the law of this Commonwealth for almost one hundred years that in an action for punitive damages, the parties

may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation.")). Thus, any mention of Zurich's financial condition is excluded.

## 2. Time-Value of Tort Settlement Proceeds

Zurich concedes that under Kentucky law, a plaintiff alleging bad faith may recover what the settlement proceeds would have earned during the time they were withheld. (R. 77 ID # 992). But Zurich contends that to do so, such damages must first be proven through an expert. (R. 77 ID # 992). Because Morris, has no such expert, Zurich argues to exclude all evidence and argument regarding such damages. (R. 77 ID # 992). In response, Morris asserts that she is entitled to the statutory rate of interest for the time during which her settlement was withheld as prescribed by KRS 304.12-235 and/or KRS 360.040. (R. 86 ID # 1180). The Parties' arguments are premature. This issue will be addressed by the Court if Morris should prevail on her bad faith claim. At that time, if such a time occurs, the Court will determine the appropriate interest rate and amount.

## 3. Emotional Distress

Zurich argues that Morris should be precluded from presenting evidence or arguing any alleged emotional distress because in her deposition she indicated that she would not be claiming damages for emotion distress. (R. 77 ID # 992-993). According to Zurich this constitutes a judicial admission. (R. 77 ID # 992-993). Morris responds that the deposition questions were confusing, and she did not fully understand what the Defendant's counsel was asking her. (R. 86 ID # 1180). She argues that Defendant's counsel is free to impeach her on the stand with her testimony. (R. 86 ID # 1181). The Court agrees.

"Statements become judicial admissions only when they are 'deliberate, clear and unambiguous.'" *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999) (quoting *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997)). The Court is not convinced that Morris's deposition answers constitute a deliberate, clear, and unambiguous intention to forego any damages concerning emotional distress. Any inconsistencies between Morris's testimony at trial and her deposition can be effectively brought to light through cross-examination. Therefore, the Court declines to exclude all testimony or argument concerning emotional distress. However, Morris is precluded from making any medical conclusions or diagnosis, as that would require expert testimony.

### 4. KRS 304.12-235, Interest, and Attorney's Fees

Zurich claims that KRS 304.12-235 only applies to named insureds and healthcare providers, of which Morris is neither. (R. 77 ID # 993). Zurich argues that, consequently, any mention of attorney's fees and interest under KRS 304.12-235 is improper and should be excluded. (R. 77 ID # 993). Morris disagrees and responds that such an argument is more appropriate for summary judgment or a motion to dismiss. (R. 86 ID # 1181). As such, Morris requests more time to properly brief the Court on the issue. (R. 86 ID # 1181). At this time no such briefing is necessary. As stated above, whether Morris is entitled to attorney's fees and interest is an issue to be decided by the Court. The Court will decide that issue when—and if—Morris prevails on her bad faith claim. To decide the issue at this early juncture, and before Morris has prevailed on her claim, is premature.

### 5. Kentucky's Consumer Protection Act

Zurich argues that the Court should exclude any evidence relating to the Kentucky Consumer Protection Act ("CPA"). According to Zurich, Morris does not have a viable CPA

claim because she is not in privity with Zurich. The Court grants Morris's request for more time to respond. (R. 86 ID # 1811). The Court grants Morris until October 24, 2018 to respond. Zurich's reply must be filed with Court by October 26, 2018.

### 6. Punitive Damages

Zurich recognizes that the Kentucky Supreme Court, in *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993), stated that punitive damages are available in third-party cases under the UCSPA. (R. 77 ID # 997). It further recognizes that since that time, Kentucky Courts have routinely held that punitive damages are available under UCSPA. (R. 77 ID # 997). But Zurich argues that the Kentucky Supreme Court's subsequent jurisprudence concerning KRS 411.184 and KRS 411.186 indicates that it would no longer find punitive damages available under UCSPA because they are not statutorily authorized. (R. 77 ID # 999-1005). As support, Zurich points to other cases in which the Kentucky Supreme Court has used KRS 411.184 and KRS 411.186 to declare punitive damages unavailable where not expressly authorized by statute. (R. 77 ID # 999-1005). In response, Morris states simply that the law is settled—punitive damages are recoverable under UCSPA. (R. 86 ID # 1881).

Zurich invites the Court to decide Kentucky law. In deciding issues of state law, "[i]f the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it." *Northland Ins. Co. v. Guardsman Prods.*, 141 F.3d 612, 617 (6th Cir. 1998) (quoting *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1153 (6th Cir. 1981)). But here, the highest court has spoken. In *Wittmer*, the Kentucky Supreme Court stated:

> Throughout this litigation State Farm has presented various arguments against submitting the issue of punitive damages to the jury based on its interpretation of statutory language found in the new punitive damages statute enacted in 1988, now codified as KRS 411.184. It suffices to say that this Court could not interpret KRS 411.184 to destroy a cause of action for punitive damages otherwise appropriate without fatally impaling upon jural rights guaranteed by the Kentucky Constitution, Sections 14, 54, and 241. As we stated

when addressing a similar problem in *In Re: Beverly Hills Fire Litigation*, Ky., 672 S.W.2d 922, 926 (1984): "We shall not so interpret it."

864 S.W.2d 885 at 890 (citation omitted). Furthermore, Kentucky courts have not been *entirely* without opportunity to clarify *Wittmer*. Kentucky appellate courts—as well as the Kentucky Supreme Court—have since upheld decisions challenged on other grounds that include punitive damages awarded under UCSPA. *E.g.*, *Ind. Ins. Co. v. Demetre*, 527 S.W.3d 12, 15 (Ky. 2017). At very least, had those courts wished, they could have commented on punitive damages under the UCSPA in dicta. In the face of *Wittmer*'s express langauge, and considering Kentucky courts' routine practice in allowing punitive damages under UCSPA, the Court finds Zurich's argument unconvincing. Thus, despite Zurich's position, the Court agrees with Morris that Kentucky law on the issue is settled. Zurich's request to exclude any argument or evidence regarding punitive damages is denied.

### B. Morris's Motion in Limine

### 1. Evidence of Argument that the Liability of the Insured Driver of the Other Car was Not Clear

Morris argues that it is undisputed that the Zurich insured driver, Mr. Heinkel, was at fault for her accident. (R. 82 ID # 1064). As such, Morris requests that Zurich should be precluded from arguing that its driver's liability for the accident was not clear. (R. 82 ID # 1064). Zurich responds that while Heinkel was at fault, fault and liability are two different concepts and that while Heinkel could have been 100% at fault, that does not make him necessarily liable for Morris's $175,000 or $1,900,000 tort claim. (R. 83 ID # 1070). Therefore, Zurich asks the Court to wait and see how the proof comes out at trial. (R. 83 ID # 1070). It has already been established that Zurich admitted Heinkel was clearly at fault. (R. 56 ID # 683). This is a rehash of the argument Zurich made in its Reply in Support of Summary Judgment. (R. 56 ID # 683).

The Court rejected it there (R. 61 ID #944) and rejects it again here. Morris's request is granted. All evidence or argument that Mr. Heinkel was not at fault is precluded. However, this does not preclude Zurich from arguing the value of damages stemming from Heinkel's liability was contested.

### 2. Evidence or Argument that Zurich American was not Obligated to Pay Plaintiff's Injury Claims Under the Terms of the Policy.

According to Morris the Court has already determined as a matter of law that ServiceMaster was self-insured, and that Zurich was obligated to pay Morris's claim. (R. 82 ID # 1065). Therefore, Morris requests that Zurich be precluded from arguing or questioning at trial whether it had an obligation to pay Morris's claim. (R. 82 ID #1065). Zurich disagrees and argues that the value of Morris's claim remained at issue until it was settled. (R. 83 ID # 1070). Consequently, according to Zurich, Zurich is entitled to introduce evidence that it was not obligated to pay Morris's claim until it did so. (R. 83 ID # 1071).

The Court's analysis turns on the interpretation of its own Memorandum Opinion and Order denying Zurich's Motion for Summary Judgment. (R. 61). The Court is entitled to great deference in interpreting its own orders and opinions. *Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991). The Court does not construe its Opinion to determine—as a matter of law—that Zurich was obligated to pay Morris's claim. The Court's Opinion reads:

> The initial demand of $175,000 and the agreed-upon settlement figure of $116,432 are sufficiently close for the Court to decide, when coupled with Zurich American's concession of Heinkel's fault in the accident, that Morris has carried her burden on this element.

(R. 61 ID # 943). The "first element" to which the Court refers in the passage above is, in fact, that the insurer must be obligated to pay the claim under the terms of the policy. (R. 61 ID #941). But when the Court states that "Morris has carried her burden," the burden to which the Court

7

refers is that of summary judgment. At the summary judgment stage, the nonmoving party—here Morris—has the burden to establish, after an adequate opportunity for discovery, the existence of a disputed factual element necessary to her case with respect to which she bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Thus, when the Court stated that she carried her burden, the Court meant that Morris had succeeded in demonstrating that there was a factual dispute as to whether Zurich acted in bad faith in not paying Morris. It did not mean that as a matter of law Zurich was obligated to pay Morris's claim. Therefore, Morris's request is denied. Zurich may offer evidence and argument that it did not act in bad faith when it did not pay Morris's claim before it did so.

However, Morris is correct that the Court has found as a matter of law that ServiceMaster was not self-insured. (R. 61 ID # 940). Therefore, any argument or evidence on this issue is excluded.

### 3. Evidence or Argument that Morris Asserted Damages of $1.9 Million in Her Interrogatory Responses

Morris argues that the Court's Opinion denying Zurich's Motion for Summary Judgment declares as a matter of law that the relevant number for conducting the appropriate good faith analysis is Morris's original demand for $175,000—not her later 1.9-million-dollar demand made when answering Zurich's interrogatories. (R. 82 ID # 1065). Therefore, according to Morris, all evidence of the 1.9-million-dollar demand should be excluded as irrelevant. (R. 82 ID # 1065). Morris argues further that to the extent the 1.9-million-dollar demand is relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusing the jury. (R. 82 ID # 1065). Morris cites to *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 523 (Ky. 2006) for support. (R. 82 ID # 1065).

Zurich responds that while it focused on the $175,000 original demand for the purposes of summary judgment, the Court's previous Opinion does not find the 1.9-million-dollar demand irrelevant. (R. 83 ID # 1071). Zurich further argues that *Knotts* stands for the proposition that plaintiffs cannot use an insurer's litigation conduct to prove bad faith—not that an insurer cannot use a tort plaintiffs interrogatory answers when defending a bad-faith claim. (R. 83 ID # 1071). The Court agrees with Zurich on both points.

First, the Court's Opinion denying Zurich's Motion for Summary Judgment does not find Morris's 1.9-million-dollar valuation irrelevant. (*See generally* R. 61). As before, the Court focused on the $175,000 original demand *only for the purposes of summary judgment*. (R. 61 ID # 944). It was not the Court's intention to declare the 1.9-million-dollar valuation irrelevant for the purposes of trial. Indeed, the Court finds the 1.9-million-dollar valuation relevant for the purposes of trial. Zurich's defense is that the valuation of Morris's claim was in dispute up until settlement. Therefore, Morris's 1.9-million-dollar valuation given in her interrogatories prior to settlement is relevant. Further, the Court does not find the relevance of such evidence to be substantially outweighed by unfair prejudice or confusion. The jury is fully capable of understanding the time at which that valuation was made and how that valuation fits into the overall timeline of the case.

Second, The Court agrees with Zurich that Morris's reliance on *Knotts* is misplaced. *Knotts* stands for the proposition that insurance companies' litigation conduct cannot be held against them by plaintiffs when proving bad faith claims. *Knotts*, 197 S.W.3d at 523. It has nothing to do with whether an insurance company can use a plaintiff's interrogatory answer, which contains the plaintiff's valuation of their claim, in defending a bad faith claim. *See generally Knotts*, 197 S.W.3d. As such, nothing in *Knotts*'s holding explicitly precludes evidence

concerning the 1.9-million-dollar valuation. Therefore, Morris's request to exclude argument and evidence concerning the 1.9-million-dollar valuation made in her interrogatory answers is denied.

## Conclusion

For the reasons stated herein, Defendant's, Zurich American Insurance Company, Motion in Limine (R. 75) **IS HEREBY GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's, Melissa A. Morris, Motion in Limine (R. 82) **IS HEREBY GRANTED IN PART** and **DENIED IN PART**.

Plaintiff, Melissa A. Morris, shall respond to "Part E" of Defendant's Motion in Limine by no later than Wednesday October 24, 2018.

**IT IS SO ORDERED.**

cc: Counsel